IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

J.A.B.A.,

Petitioner,

v.

WARDEN, IRWIN COUNTY DETENTION CENTER, *et al.*,

Respondents.

CASE NO: 7:26-cv-176–WLS-AGH

## ORDER

Pending before the Court is Petitioner's emergency motion for temporary restraining order (TRO). (ECF No. 15). In his motion, Petitioner contends that "Respondents are attempting to remove Petitioner to Venezuela—the one country to which an Immigration judge has ordered that he may *not* be removed."[1] *Id.* at 1. As Petitioner contends, the Court may "issue all writs necessary or appropriate in aid of [its] jurisdiction." *Id.* at 9 (quoting 28 U.S.C. § 1651(a)). On August 31, 2026, the United States Magistrate Judge held a hearing on Respondents' motion to dismiss and that matter remains pending before this Court. (ECF Nos. 6, 11). It is the Court's intention that it address the matter presently before it, and the Court has the inherent authority to grant a TRO to preserve the status quo and maintain its jurisdiction. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1102 (11th Cir. 2004) ("Regarding pending proceedings, a court may enjoin almost any conduct 'which, left unchecked, would have . . . the practical effect of diminishing the court's power to bring the litigation to a natural conclusion.'" (quoting *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 (5th Cir. 1978))).

Without interim relief to maintain the status quo, Petitioner could be deported or removed from this Court's jurisdiction, effectively foreclosing any recourse, and foreclosing this Court's exercise of its jurisdiction over Petitioner's petition for writ of habeas corpus and

[1] Petitioner also alleges that his counsel has been advised that Petitioner may be moved to the Central African Republic. However, Petitioner has received no notice of such destination and asserts that such removal would violate his rights to due process. (ECF No. 15 at 2).

the Respondents' motion to dismiss. Both Parties appeared before the Court for a hearing on the motion to dismiss where Respondent admitted that transfer to Venezuela was unlawful. *Fuenmayor Torres v Quinones*, No. 6:26-cv-258, 2026 WL 262596 (M.D. Fla. Feb. 2, 2026) (alterations adopted) (ordering petitioner returned to county jail, enjoining further transfer, and requiring respondents to keep petitioner in the court's jurisdiction). The Court finds that the harm to Petitioner would be irreparable and immediate and that any harm to Respondents by not immediately deporting Petitioner would be minimal.

Accordingly, for purposes of maintaining the status quo, Petitioner's motion for TRO (ECF No. 15) is **GRANTED** as follows:

1. Respondents are temporarily enjoined from removing Petitioner from this District until further Order of this Court;

2. In the event Petitioner has been removed from this District, Respondents shall immediately return Petitioner to this District;

3. Respondents shall respond in writing to the TRO Motion by **Monday, November 23, 2026**, and show cause why the Court should not issue a preliminary injunction; and

4. No monetary security shall be required, as the Court deems it unnecessary at this time; and

5. The Court will consider this matter at a hearing to be set by separate notice.

6. The Respondents are Ordered to immediately transmit a copy of this Order to U.S. Immigration and Customs Enforcement ERO Atlanta, Georgia, and to the facility currently holding Petitioner.

**SO ORDERED**, this 16th day of November 2026, at 12:40 p m.

W. Louis Sands

W. LOUIS SANDS, SR. JUDGE
UNITED STATES DISTRICT COURT